**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES ORTEGA-FLORES, | No. 13-73228 |
| Petitioner, | Agency No. A095-728-413 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Andres Ortega-Flores, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Ortega-Flores' motion to reconsider because we cannot review the BIA's discretionary hardship determination.  *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) ("[T]he BIA's denial of the motion to reconsider falls outside the court's jurisdiction because the court cannot reconsider the discretionary, fact-based determination that petitioners failed to demonstrate the requisite hardship.").  Although the court retains jurisdiction over colorable questions of law and constitutional claims, Ortega-Flores' contention that the BIA did not consider all of the hardship factors is not supported by the record and his equal protection claim is foreclosed by our case law.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable . . . the claim must have some possible validity." (internal quotations omitted)); *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) (rejecting equal protection claim regarding the Nicaraguan Adjustment and Central American Relief Act).

The BIA did not abuse its discretion in denying Ortega-Flores' motion to reopen where the evidence he submitted was available and could have been

presented at the time of his previous hearing. *See* 8 C.F.R. § 1003.2(c)(1);

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

To the extent Ortega-Flores seeks review of the BIA's May 28, 2013, order dismissing his appeal, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

13-73228